ANTHONY TEONG-CHAN GAW AND ROSANNA W. GAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gaw v. Commissioner
Docket No. 8015-92.
United States Tax Court
T.C. Memo 1995-373; 1995 Tax Ct. Memo LEXIS 377; 70 T.C.M. (CCH) 336; August 8, 1995, Filed *377 R imposed a jeopardy assessment on Ps under authority of sec. 6861, I.R.C. Ps requested an administrative review of the jeopardy assessment on the grounds that such assessment was unreasonable. R upheld the jeopardy assessment. Ps filed a motion for review of the jeopardy assessment with this Court pursuant to sec. 7429(b) (2), I.R.C., and Rule 56, Tax Court Rules of Practice and Procedure. We are required to make a de novo determination within 20 days from the filing of a motion to review as to two issues: (1) Whether the making of the jeopardy assessment is reasonable under the circumstances, and (2) whether the amount assessed is appropriate under the circumstances. R has the burden of proof on the first issue, and as a general rule, the taxpayer has the burden of proof on the second issue. Contrary to the general rule of sec. 7429(g)(2), I.R.C., respondent here bears the burden of proof on the issue of whether the amounts assessed are appropriate under the circumstances. That burden was imposed on respondent as a sanction for respondent's failure timely to file the response required by Rule 56(d). Held: Because we are convinced that respondent's jeopardy assessments described *378 in her Notice of Jeopardy Assessment and Right of Appeal are appropriate under the circumstances of this case, Ps' motion for review of jeopardy assessment will be denied. John M. Youngquist and Donald L. Feurzeig, for petitioners. Patricia Anne Golembiewski and Cynthia K. Hustad, for respondent. HALPERN, Judge HALPERN
MEMORANDUM OPINION HALPERN, Judge: This matter is before the Court on petitioners' motion for review of jeopardy assessments filed May 12, 1995, pursuant to Rule 56 (the motion). [1]
I. Introduction
By notice of deficiency dated October 8, 1991, respondent determined deficiencies in tax and additions to tax as follows: Tax Year
Defic-
Sec.
Sec.
Sec.
Ended
iency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
1985 $ 287,040 $ 71,643 $ 14,763
--  1986
6,745,168
1,686,292
--   $ 337,258
1987
3,030,055
758,386
--  152,258
*379 Tax Year
Sec.
Sec.
Sec.
Ended
6653(a)(2)
6653(a)(1)(B)
6661
1985
50% of the
-- $ 71,760
interest due
on $ 287,040
1986
--
50% of the
1,686,292
interest due
on $ 6,745,168
1987
--
50% of the
757,514
interest due
on $ 3,030,055
Section 6861(a) provides for the making of a jeopardy assessment. Within 5 days after the date an assessment is made under section 6861, the Commissioner must provide the taxpayer with a written statement of the information the Commissioner is relying on in making the assessment. Sec. 7429(a) (1). The taxpayer may request a review within 30 days after the date the taxpayer receives the written statement. Sec. 7429(a) (2). The Commissioner is then required to determine whether the assessment is reasonable under the circumstances and the amount assessed is appropriate. Sec. 7429(a) (3). Judicial review is permitted if it is requested 90 days from the time the Commissioner notifies the taxpayer of the Commissioner's determination. Sec. 7429(b). This Court has jurisdiction when a case regarding the taxes that are the subject of the jeopardy assessment is pending before us. Sec. 7429(b) (2) (B); Rule 56(a). We are required *380 to make a de novo determination within 20 days from the filing of a motion for review as to two issues: (1) Whether the making of the jeopardy assessment "is reasonable under the circumstances", and (2) whether the amount assessed is "appropriate under the circumstances." Sec. 7429(b) (3). The taxpayer may request an extension of the 20-day period specified in section 7429(b) (3) by not more than an additional 40 days. Sec. 7429(c). Petitioners have made such a request, for an extension of 40 days, and the Court, by Order dated May 19, 1995, has granted such an extension. Respondent has the burden of proof on the first issue, and, as a general rule, the taxpayer has the burden of proof on the second issue. Sec. 7429(g). If we determine that such assessment is unreasonable, or that the amount assessed is inappropriate, then we may order respondent to abate such assessment, to redetermine in whole or in part the amount assessed or demanded, or to take any other action that we deem appropriate. Sec. 7429(b) (4). Any determination we make is final and conclusive and shall not be reviewed by any other court. Sec. 7429(f). Contrary to the general rule of section 7429(g) (2), respondent *381 here bears the burden of proof on the issue of whether the amounts assessed are appropriate under the circumstances. That burden was imposed on respondent as one sanction for respondent's failure timely to file the response required by Rule 56(d). As an additional sanction, to support the reasonableness of her jeopardy assessments, respondent is restricted to relying on the grounds set forth in her Notice of Jeopardy Assessment and Right of Appeal, dated April 21, 1995 (April 21 notice). General rules of law and evidence applicable in an action of this sort are set forth in McWilliams v. Commissioner, 103 T.C. 416 (1994), and we shall not here repeat them. We do emphasize that: "The standard of proof by which reasonableness must be established is something more than not arbitrary or capricious and something less than substantial evidence." Id. at 422 (internal quotation marks omitted). In McWilliams, because we found that respondent had not proved that the assessment was reasonable, we did not consider whether the amount was appropriate. In determining appropriateness, there are certain things we must keep in mind: *382 A section 7429 review is a summary proceeding; we are not determining the taxpayer's correct tax liability. See Bean v. United States, 618 F. Supp. 652, 659 (N.D. Ga. 1985); Revis v. United States, 558 F. Supp. 1071, 1074 (D.R.I. 1983). As with the determination of reasonableness, the standard of proof by which appropriateness is established is something more than not arbitrary or capricious and something less than substantial evidence. E.g., Loretto v. United States, 440 F. Supp. 1168 (E.D. Pa. 1977); Park v. United States, 92-1 USTC, par. 50,270, 69 AFTR2d 92-1075 (C.D. Cal. 1992). Because respondent has the burden of proof, respondent must show that the method of computation of the tax liability was not factually defective, irrational, arbitrary, or unsupported. See Park v. United States, supra (if there is at least a sense of credibility and correctness regarding the computation of the deficiency assessment, then (if the taxpayer has the burden of proof) the taxpayer will have failed to meet *383 his burden of proof). All procedural requirements necessary for us to act on the motion have been met. An evidentiary hearing on the motion was held in San Francisco, California, during the weeks of June 12 and 19, 1995. In the April 21 notice, an agent of respondent's, the Acting District Director, San Francisco District, advised petitioners that she had approved assessments of tax and additions to tax in the following amounts: TAXABLE PERIOD:
1985
1986
1987
INCOME TAX: $ 287,040 $ 3,965,512 $ 815,429
PENALTIES:*
351,081
4,413,501
828,211
INTEREST:
575,009
6,509,795
1,096,392
TOTAL: $ 1,213,130 $ 14,888,808 $ 2,740,032
*Penalties: I.R.C. Section 6651 - Delinquency; Section 6661 - Substantial Understatement; Section 6653 (a)(1) and (2) and
6653(a) (1) (A) and (B) - Negligence.
The Acting Assistant Director stated that she had found petitioners: designing to quickly place property beyond the reach of the Government by either concealing it, dissipating it, or transferring it to other persons, thereby tending to prejudice or render ineffectual collection of income tax for the calender years 1985, 1986, and 1987.
The Acting Assistant *384 Director set forth the following facts, upon which she based her determination: 1. You and your spouse were assessed several million dollars of additional income tax, interest and penalties in March of 1992. Due to a January 31, 1995, decision of the United States Court of Appeals for the Tenth Circuit, these assessments now must be abated, and the liens filed against your assets, removed. 2. On February 25, 1995, you signed a resolution to dissolve 300 Montgomery Associates, a California Limited Partnership of which you own 80 percent. This partnership owns the only remaining asset in the United States capable of satisfying your United States Income Tax liability. 3. During the audit of his 1985, 1986, and 1987 Federal Income Tax Returns, you failed to cooperate and provide documentation requested by the examining agent. 4. After a summons was issued for records of your company, Amros Property Management, you directed an employee of the company to send the summoned records to Hong Kong. Thus making them unavailable for examination by the Internal Revenue Service. 5. You and your spouse have made extensive use of nominees and alter egos to purchase and hold property *385 in the United States, and denied ownership of these same properties to the I.R.S.
6. You and your spouse have claimed ownership of these same properties to various financial institutions for the purpose of securing loans. 7. On June 6, 1994, you (Anthony Gaw) stated that you were a U.S. citizen, but you did not reside in the United States. 8. On June 6, 1994, you (Anthony Gaw) stated that your wife was not a U.S. citizen and that she no longer came to the United States. 9. On June 10, 1994, you (Anthony Gaw) stated that you did not intend to visit the United States.
Petitioners have conceded the truth of the first, seventh, and eighth paragraphs. [2] They have also conceded the truth of the first sentence of the second paragraph and the first sentence of the fourth paragraph. They deny the truth of the third, fifth, sixth, and ninth paragraphs and the remaining portions of the second and fourth paragraphs. *386 II. Reasonableness of Assessment
We believe that the assessments that respondent set forth in the April 21 notice are reasonable under the circumstances. We rely on the facts that petitioners have conceded plus the following additional facts, which we find. In 1977, in order to qualify for U.S. citizenship, petitioner husband (Gaw) established residence in the United States. Once he obtained citizenship, he returned to Hong Kong. Petitioner wife is not a U.S. citizen. Petitioners' principal place of residence is Hong Kong. In a deposition taken June 10, 1994, in Hong Kong, Gaw stated that he did not intend again to go to the United States. Gaw submitted false financial statements to banks for purposes of obtaining loans. Gaw testified in connection with an action brought in the United States District Court, Northern District of California, No. C 92-2567 EFL. The action was an action in interpleader arising out of respondent's efforts to collect tax from petitioners based on a now abated assessment in this case. Gaw had denied beneficial ownership in the proceeds of certain sales of stock. The District Court had the following to say with regard to a portion of the proceeds *387 in question: Not only has Gaw elsewhere represented that he was beneficial owner of the shares, but he has also shown himself to be generally incredible. His testimony (all by deposition) and other representations are contradictory, self-serving and highly suspicious.
* * * As to documentary evidence that Gaw was not the beneficial owner of certain shares, the court stated that Gaw had "evidenced not only motive and opportunity, but also * * * disposition to falsify such documents." The court described as "a sham" a transfer of shares purportedly engaged in by Gaw. The court stated that Gaw asked another individual to lie in connection with a purchase of shares. Also in connection with respondent's efforts to collect tax from petitioners based on the now abated assessments in this case, respondent served a summons on Janet T. Lo, directly or indirectly an agent of Gaw's. The summons directed Ms. Lo to appear to give testimony and to produce certain books and records. In a deposition given pursuant to the summons, Ms. Lo stated that, at the direction of Gaw, she had mailed certain of the summoned documents to Gaw in Hong Kong. Ms. Lo received her direction from Gaw *388 after the summons was issued. The principal asset of 300 Montgomery Associates (the partnership) is an office building located at 300 Montgomery Street, San Francisco, California. The partnership operates the building for rental income. Gaw is an 80-percent general partner. The resolution that Gaw signed on February 25, 1995, to dissolve the partnership, states that, because of the failure of a minority partner to make additional capital contributions, the partnership is unable to continue its business. Gaw has no substantial assets in this country other than his interest in the partnership. The facts that we have found, together with petitioners' concessions, are sufficient to raise in our mind substantial doubts as to Gaw's trustworthiness. False financial statements, the characterizations applied to Gaw and his activities by the District Court, the avoidance of a summons, and his expressed intent not to return to this country lead us to believe that Gaw may be entertaining thoughts to defeat attempts at collection should he lose this case. We are aware that petitioners have diligently pursued their right to challenge respondent's determinations in this Court, and have prevailed *389 in the Court of Appeals in having the decision of this Court dismissing their petition for lack of jurisdiction reversed. See Gaw v. Commissioner, 45 F.3d 461 (D.C. Cir. 1995), revg. T.C. Memo. 1993-379. However, we do not think that petitioners' diligent pursuit of their legal remedies is inconsistent with a design to avoid payment should that pursuit prove fruitless. The dissolution of the partnership on account of its being unable to continue its business presents the possibility that a liquidation of the partnership's assets may follow. Alternatively, as urged by petitioners, Gaw may by purchase gain complete control of the partnership assets. In any event, dissolution of the partnership presents the possibility that Gaw will gain individual control of partnership assets that could be concealed from respondent (for instance, by disguising their ownership) or, if in liquid form, transferred out of the country. The combination of our suspicions about Gaw's trustworthiness and the opportunity he may have for evading collection convinces us that assessment is reasonable under the circumstances. III. Appropriateness of *390 Assessment
Petitioners have specific objections to many of the adjustments giving rise to respondent's determination of tax and additions thereto. For the most part, those objections are based on disagreements as to material issues of fact, which must be decided by trial. For this motion, it is sufficient that reasonable people can differ over the correct factual and legal resolutions to the issues regarding petitioners' returns, and that we find that respondent's determinations were not factually defective, irrational, arbitrary, or unsupported. Respondent's adjustments, which gave rise to the jeopardy assessments in question, were reviewed four times. The first review occurred during the investigation of the tax deficiencies and the writing of the statutory notice of deficiency. The revenue agent then reconsidered those amounts in 1994, during negotiations over an offer in compromise made by petitioners. The documents and facts were also reviewed by an Appeals Officer as part of the offer in compromise process. His findings were further reviewed by his supervisor. As a result of respondent's review, respondent determined not to make jeopardy assessments with regard to tax, penalties, *391 and interest attributable to adjustments of approximately $ 11 million. We have considered respondent's determinations of deficiencies and additions to tax, and petitioners' objections thereto. We are convinced that respondent's jeopardy assessments described in the April 21 notice are appropriate under the circumstances of this case, and so find. An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1986, as amended.↩
2. We note that the reference in the first paragraph to the Court of Appeals for the Tenth Circuit is inaccurate. The reference should be to the Court of Appeals for the District of Columbia Circuit. The mutual mistake of the parties is immaterial.↩